## Warren Co. Agricultural Society v. Howard McKinley.

1. EXHIBITORS—*Rights of Agricultural Societies.*—Parties exhibiting horses upon race tracks at agricultural fairs have a right to assume that a reasonably safe track will be furnished them upon which to display their horses, and kept clear of obstructions.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Warren County; the Hon. JOHN J. GLENN, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed April 11, 1901.

KIRKPATRICK & ALEXANDER, attorneys for appellant.

GRIER & STEWART, attorneys for appellee.

MR. JUSTICE CRABTREE delivered the opinion of the court.

This was an action on the case to recover damages for personal injuries sustained by appellee in consequence of being thrown from a road cart in which he was driving a "roadster mare" in a competition held by appellant at its county fair, held September 13 to September 16, 1898. There was a trial by jury in which appellee recovered a verdict for $525. A motion for new trial was overruled and judgment entered on the verdict, from which the defendant appeals to this court.

Appellant is incorporated as an Agricultural Society,

Warren Co. Agricultural Society v. McKinley.

holding annual county fairs. Prior to the time of holding the fair September 13 to 16, 1898, it published and caused to be circulated a premium list in which under class A, division 9, a premium was offered for the best "sweepstakes roadster mare (three years old and over), D. A. Turnbull, Supt." To the lists were added the amount of the premium. It seems that each superintendent appointed his own judges, two of which passed on the exhibit, and if they agreed, the premium was awarded; if not, a third judge was called in to act as referee or umpire and decide between them. In this class A, division 9, sweepstakes roadster mares, three years old and over, appellee was exhibiting a mare belonging to and entered by one Ora Staat. Only one other mare was exhibiting in this class and division at the same time, which was being driven by one Holliday. While driving the roadsters on the track, one of the judges told McKinley and Holliday to "step them down through the stretch," which they proceeded to do, and while the two mares were going down the stretch at a two-fifty to three minute gait, the cart in which appellee was sitting came into contact with a wagon standing on the track, and some of the witnesses say nearly half way across the track, whereby appellee was thrown out of his cart, his leg broken and otherwise injured. The claim of appellee is that appellant was guilty of negligence in not having the track kept clear so that he could drive thereon with reasonable safety while exhibiting the mare he was driving. It appears from the evidence that quite a large crowd of people had gathered upon the track while the exhibition was going on, which obscured any view of the wagon, and that there was another exhibition taking place at the same time behind the crowd upon the track, which it is argued was further negligence on the part of appellant.

It is insisted by appellant that appellee was driving at such a rapid gait as to be guilty of such negligence as precludes a recovery in this case. It is true the rules of the society did not require speed as one of the conditions or considerations in awarding premiums in this class, but the evidence shows that the judges directed the exhibition of

speed and that the drivers, including appellee, were acting under their directions. Whether the speed was so great under all the circumstances as to render appellee guilty of such negligence as to bar a recovery was a fact for the consideration of the jury under the court's instructions. We think the jury were warranted in finding that appellant was guilty of negligence in permitting such a large crowd to gather upon the track and in allowing a vehicle to stand across the roadway hidden by the crowd, and also in permitting another exhibition to be taking place at the same time. In our opinion exhibitors had a right to assume that a reasonably safe place would be furnished and kept clear upon which to display the animals entered in the competition.

It is complained that the court permitted evidence as to the manner in which former exhibitions had been conducted on the same day. We think there was no error in this. It was proper as tending to show what exhibitors supposed and had reason to suppose would be expected of them, and also to show what was meant by the order to " let the mares step down the stretch."

Much complaint is made as to giving and refusing instructions. On the part of the plaintiff six instructions were given. On the part of the defendant twenty-two instructions were asked of which fifteen were given and seven refused. We do not feel it incumbent upon us to extend the limits of this opinion by discussing each objection in detail, but content ourselves by saying that we find no material error in those given for plaintiff.

The fifteen instructions given for the defendant fully and fairly gave the jury the law of the case as applicable to the defense. As to the refused instructions, some of them were embodied in others given at the instance of the defendant; and others we think were incorrect and were properly refused.

On the whole, the case seems to have been fairly tried, and we see no sufficient reason for setting aside the verdict and reversing the judgment, which will therefore be affirmed.